[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10442
Non-Argument Calendar

_____

D. C. Docket No. 04-00196-CR-4

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 12, 2005
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MICHAEL JAMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 12, 2005)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Christopher Michael James, through counsel, appeals his 51-month sentence for bank robbery, in violation of 18 U.S.C. § 2113(a). On appeal, James argues that, in light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court committed plain error by applying the Sentencing Guidelines in a mandatory, as opposed to advisory, fashion. Accordingly, James maintains that he is entitled to have his case remanded to the district court for re-sentencing consistent with Booker. The government concedes that remand is appropriate.[1]

Because James failed to make any objection regarding the mandatory application of the Federal Sentencing Guidelines, we review only for plain error. United States v. Rodriquez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, ___ S.Ct. ___ (June 20, 2005). In order for us to correct plain error: (1) there must be error, (2) the error must be plain, and (3) the error must affect substantial rights. Id. We have indicated that in applying the third prong of plain error review, the proper question is "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the

_____

[1]We applaud and appreciate the candor of counsel for the government.

2

error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted). We have recognized that "the plain error test is difficult to meet," and that "the plain error rule places a daunting obstacle before the appellant." Id. (alterations and quotations omitted).

In order to decide the issue presented by James, we must review the Supreme Court's recent decision in Booker, in which the Supreme Court concluded that the mandatory nature of the Guidelines implicated the Sixth Amendment right to a jury trial. 543 U.S. ___, 125 S.Ct. at 756. In a second and separate majority opinion, the Court held that to best preserve Congressional intent, the appropriate remedy was to sever and excise the following two provisions of the Sentencing Reform Act ("the Act"): 18 U.S.C. § 3553(b)(1) (making the Guidelines mandatory and binding on federal courts), and 18 U.S.C. § 3742(e) (establishing appellate standards of review), 543 U.S. at ___, 125 S.Ct. at 764. By severing these two provisions, the Supreme Court made the Guidelines "effectively advisory." Id.

In this case, the court sentenced James to 51 months imprisonment but immediately thereafter made these comments:

> I wish that I did not have to give this sentence today,
> particularly in light of James's clean criminal record,
> his status as a college student, and the fact that he did
> not abuse alcohol or drugs.

(R.2 at 40).

3

The sentencing judge continued to express his dissatisfaction with the Federal Sentencing Guidelines and the fact that he had so little or no discretion in arriving at an appropriate sentence for the individual involved.

Based upon this record, as well as the parties' respective briefs, we hold that the district court's application of the Guidelines as mandatory was an error that is plain under the first two prongs of the plain-error test. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). James can satisfy the third prong of the test because comments made by the district court indicate that James would have received a lesser sentence had the Guidelines been merely advisory. Likewise, the district court's comments indicating its desire to impose a lesser sentence establish the fourth prong of the plain error analysis because failure to notice the forfeited error would leave James with a sentence that the district did not want to impose. See Shelton, 400 F.3d at 1333-34. Accordingly, we vacate James's sentence and remand this case to the district court for re-sentencing consistent with Booker.

**VACATED AND REMANDED**.